THE PEOPLE, RESPONDENT, v. CALDERÓN, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 590.—Decided June 27, 1913.

APPEAL—CORRECTION OF RECORD—MOTION FILED AFTER HEARING.—Two days after the hearing in this case the appellant filed a motion accompanied by various documents to prove that the omission of the signature of the judge approving the instructions to the jury was due to the secretary of the lower court. In the brief filed by said appellant there was no assignment of error relating to the instructions to the jury. It was held that it is the duty of appellants to examine the transcript of the record and that only when it appears that a fundamental error has been committed—which did not occur in this case— will this court exercise its discretionary power to allow a correction of the record after the hearing.

NEW TRIAL—VERDICT CONTRARY TO EVIDENCE—APPEAL.—Unless the trial court is fully convinced that an injustice has been done it will not sustain a motion for a new trial on the ground that the verdict is contrary to the evidence, and this court will not reverse the overruling of a motion for a new trial on that ground except in rare cases.

EXCESSIVE PENALTY.—In view of the serious nature of the offense and the circumstances of the case it was held that the fine of $3,000 imposed on the accused is not excessive.

APPEAL—ASSIGNMENTS OF ERROR AT THE TRIAL.—The practice of waiting until the hearing on the appeal to assign errors committed by the trial court instead of including them in a brief submitted at the proper time is bad and should be discouraged.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Enrique Rincón* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

After this case had been submitted for hearing, upon the suggestion of the *fiscal* that no argument could be based on the instructions because as appearing in the record they were not signed by the judge, the appellant brought up a certified copy of the instructions duly signed and asked to add the same to the record, making a showing that the signature had been omitted by the secretary of the district court. Previous to that time the appellant had filed a brief in which none of the assignments of error related to the instructions. Under these circumstances we do not feel disposed to exercise our discretion in adding to the record the instructions, especially as we have examined them and find nothing therein by which the appellant was really prejudiced. Appellants must watch their cases and this court will not entertain motions of this kind, unless it clearly appears that there has been a fundamental error committed, and we see none in this case.

There were only two questions raised by the assignments of error. The first was that the verdict of the jury was against the weight of the evidence. Very few new trials should be granted on this ground because, if the judge below has found enough evidence to submit to the jury, he should not grant such a new trial unless he becomes thoroughly convinced that injustice has been done. It is even rarer for an appellate court to reverse on this ground. There remains a conflict and the jury were the judges of the preponderance of the proof. This court will not reverse where there is a

conflict, in the absence of undue elements, in the mind of the triers, which we do not see here. The seduction was clearly proved and the prosecutrix shown to be a single woman of previous chaste character.

The other assignment of error is that the sentence is excessive. We see no reason to disturb the court's discretion in this regard. The offense was a serious one and the defendant was apparently abandoning not only the woman, but the country. The fact that the judge correctly or incorrectly believed that the defendant tried to influence the jury would not make him hostile in a legal sense to the defendant, but, as we have said, we do not find the fine of $3,000 excessive, considering that no imprisonment was directly imposed.

Several exceptions were taken at the trial but were not assigned as errors in the brief, nor is the bill of exceptions signed although the same exceptions seem to appear in the statement of the case. Counsel for appellant asked leave to file an additional brief to discuss them. The practice of waiting until the hearing to assign errors is not to be encouraged. We have nevertheless examined the record and find no error which would merit a reversal. The judgment must be affirmed.

> *Judgment affirmed and motion to amend record overruled.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.